F. J. PARKER *vs.* L. R. FREEMAN and others.

April Term, 1876.

FRAUDULENT ASSIGNMENT—RELATIVE RIGHTS OF CREDITORS OF GRANTOR AND GRANTEE.—The creditors of a fraudulent grantor have no equity as against the innocent creditors of the fraudulent grantee which entitles them to priority of satisfaction out of personal property fraudulently conveyed, where such creditors of the grantee have acquired the first lien; it is a race of diligence, in which the parties are entitled to stand on their legal rights.

————, for complainant.

*Heims*, for defendants.

THE CHANCELLOR:—Bill filed April 12, 1875, and states the following facts: About May, 1874, the defendant John J. Parker became indebted to his brother, the complainant, for the board of himself and family for four months, and for a small sum of money loaned. In 1873 the said John J. Parker, for the purpose of hindering and delaying his creditors, made a pretended sale of all his household and kitchen furniture to the defendant E. J. Frisbie, "and executed a bill of sale therefor," which was acknowledged and registered. The pretended consideration was an indebtedness of John J. Parker to Frisbie of $540, which was about the value of the property, whereas said Parker did not owe Frisbie anything, or, if anything, only a small sum long since paid. In February, 1875, Frisbie set up a saloon and restaurant in Nashville, the defendants Freeman & Orchard furnishing the goods for the same. On the 9th of April, 1875, the defendant Freeman sued out an attachment upon this debt against the estate of Frisbie, upon the ground that Frisbie was about fraudulently to dispose of his property, and the attachment was levied on the furniture conveyed by Parker to Frisbie. Frisbie afterwards confessed judgment for the debt sued on, and the officer was proceeding to sell the property attached, to satisfy the judgment, when he was stayed by the injunction in this case. The bill charges "that said proceedings before the magistrate were gotten up by collusion between the said Frisbie and Freeman, and he (complainant) is advised that the same are void." There is a further charge that Freeman & Orchard knew the fraudulent character of the conveyance from Parker to Frisbie.

These latter charges of collusion and knowledge are denied by the defendants Freeman & Orchard in their answer, and again by Freeman in his deposition. The only testimony introduced by the complainant consists of his own deposition, and he does thereby undertake to bring home knowledge of the fraud to the defendants. His evidence, standing alone, is insufficient to outweigh the denials of the

answer and of Freeman in his deposition. The bill concedes that the claim of the defendants Freeman & Orchard against Frisbie is for goods furnished, and the complainant proves his own claim. The only difference between the case made by the bill and by the answer of Freeman & Orchard, considering the charge of collusion and knowledge as not proved, consists in this—that the conveyance from John J. Parker to Frisbie was a mortgage, not a sale, and that the defendants abandoned their attachment and were proceeding to sell the property by execution under the judgment confessed when stayed by the injunction. These differences are immaterial. For the legal title of the furniture would be in Frisbie, whether the conveyance was a sale or mortgage, and could be levied on by execution and sold, the purchaser, if it be a mortgage, taking subject to the equity of redemption. It is the equity of redemption of the mortgagor which cannot be sold by execution. *Wilson* v. *Carver*, 4 Hayw. 90. So, whether the lien of the defendants was acquired by attachment or execution levy could be of no consequence, there being no essential distinction in this regard between the lien of an attachment and execution. It has been expressly decided that the lien created by the levy of an attachment has the same effect, both at law and in equity, as an execution lien. *Hervey* v. *Champion*, 11 Humph. 569.

In this view the case before us shows that the complainant, as a creditor of John J. Parker, is seeking to subject to the satisfaction of his debt, by the lien created by the filing of his bill, the furniture in question, as the property of John J. Parker, while the defendants Freeman & Orchard, as judgment creditors of Frisbie, are seeking to subject the same furniture, as the property of Frisbie, to the satisfaction of their judgment by the prior lien created by the levy of their execution, the conveyance from Parker to Frisbie, whether sale or mortgage, having been made to hinder and delay Parker's creditors, but without any knowledge of the fact by Freeman & Orchard. The question is

narrowed down to this : Have the creditors of a fraudulent grantor any equity as against the innocent creditors of the fraudulent grantee which gives them a prior right of satisfaction out of the property fraudulently conveyed, where the creditors of the grantee, without knowledge of the facts, have acquired a lien by virtue of the levy of an execution before any step taken or lien obtained by the creditors of the grantor?

The law is that a fraudulent conveyance of property is good between the parties, and as to all the world except the creditors of the grantor. The grantee has a valid title, with all the usual rights incident thereto, until the creditors of the grantor, by asserting their right in due course of law, defeat it. The grantee may, consequently, in the meantime, make a disposition of the property to an innocent third person for value, and innocent third persons may, by proper legal proceedings against the grantee, acquire liens upon the property. For, were it otherwise, the policy of the law, which is to treat the *res* as the property of the grantee, would be thwarted. Accordingly it has been held by our supreme court that the law only authorizes the creditor of the grantor to proceed against the property in the hands of the fraudulent vendee ; and, therefore, if the property has been destroyed by time or accident, or is sold and delivered to an innocent person for a valuable consideration, the creditor's remedy is gone. *Simpson* v. *Simpson*, 7 Humph. 275 ; *Tubb* v. *Williams*, 7 Humph. 367 ; *Richards* v. *Ewing*, 11 Humph. 327. And an innocent purchaser's rights, as assignee of a mortgage, are superior to those of a prior judgment creditor of the mortgagor. *Danbury* v. *Robinson*, 1 McCart. 213. So, also, it has been held that a sale under execution against the grantee will pass a good title as against the debtor. *Robinson* v. *Monjoy*, 2 Halst. 173. And that, after an actual seizure by the creditors of the grantee, the property cannot be reclaimed by an officer acting under an execution against the grantor. *Gibbs* v. *Chase*, 10 Mass. 125. So, *e converso*, a seizure by creditors of the

grantor excludes the creditors of the grantee. *Booth* v. *Bunce*, 24 N. Y. 592. The principle of these decisions is that the creditors of the grantor and grantee have no priority of rights, and no equity as against each other; that they stand upon the same level, and it becomes a race of diligence between them. *Qui prior est in tempore potior est in jure.*

In this view the prior levy of the execution of the defendants Freeman & Orchard on the furniture, as the property of Frisbie, gave them a lien of which equity will not deprive them at the suit of the complainant as a creditor of the grantor, whose right can only date from the subsequent filing of the bill. The bill must, therefore, be dismissed, with costs.

NOTE.—Affirmed on appeal.